Michelle K. McClure, OSB #953520
Email:  mmcclure@lbblawyers.com
Stuart K. Cohen, OSB #851738
Email:  scohen@lbblawyers.com
LANDYE BENNETT BLUMSTEIN LLP
1300 SW Fifth Avenue, Suite 3500
Portland, OR 97201
Telephone:  (503) 224-4100
Facsimile:  (503) 224-4133

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BENSON TOWER CONDOMINIUM OWNERS ASSOCIATION**, an Oregon nonprofit corporation,<br><br>    Plaintiff,<br> v.<br><br>**VICTAULIC COMPANY**, a foreign corporation,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT**<br>(Strict Products Liability, Negligence, Breach Of Express Warranty, Breach Of The Consumer Warranty Act, Unfair Trade Practices, Fraud And Negligent Misrepresentation)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BENSON TOWER CONDOMINIUM OWNERS ASSOCIATION, an Oregon nonprofit corporation, alleges as follows:

### THE PARTIES

1. Plaintiff BENSON TOWER CONDOMINIUM OWNERS ASSOCIATION is an Oregon nonprofit corporation organized for the mutual benefit of its members with its principal place of business in Portland, Oregon.

Page 1 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

724265.12942-009

2. Defendant VICTAULIC COMPANY (hereinafter "VICTAULIC"), is a New Jersey corporation with its principal place of business in Easton, Pennsylvania.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 because no plaintiff is a citizen of the same state as any defendant and there is more than $75,000 in controversy, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this jurisdiction.

5. The Court has jurisdiction over VICTAULIC because VICTAULIC marketed and sold its products for use in the construction of homes and buildings in this jurisdiction.

## BACKGROUND FACTS

6. At all material times, Plaintiff BENSON TOWER CONDOMINIUM OWNERS ASSOCIATION ("Plaintiff") was and is an Oregon nonprofit corporation organized for the mutual benefit of its members. Plaintiff is the governing body of the Benson Tower Condominium ("Benson"), an Oregon Condominium located in Portland, Multnomah County, Oregon. The Benson consists of 143 Living Units, 153 Parking Units and 108 Storage Units.

7. Article 3.7 of the Bylaws of the Benson (the "Bylaws") provide that the Plaintiff have certain powers and duties, including the following: those granted by the Oregon Condominium Act (ORS 100.005, *et seq.*); those granted by the Benson Declaration (the "Declaration"); and those granted by the Bylaws. Article 3.7(a) of the Benson Bylaws provides that the Board of Directors of the Plaintiff (the "Board") shall carry out the operation, care, upkeep, repair, maintenance and replacement of the common elements. Pursuant to Article 5 of

Page 2 - COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

724265.12942-009

the Benson Declaration, the General Common Elements of the Condominium include but are not limited to the pipes, ducts, flues, conduits, wires, and other utility installations, in each case to their respective outlets.  The General Common Elements are owned in common by owners of the Condominium (the "Owners").  Except for certain items as described in the Declarations and/or Bylaws, the cost of maintenance, repair, and replacement of the General Common Elements is a common expense, and the performance of such work is the responsibility of Plaintiff; however, such costs are assessed and apportioned among the Owners.

8. The Owners own the interiors of their respective units.  Each Owner is a member of Plaintiff.

9. At all material times, VICTAULIC was a New Jersey corporation that manufactured, marketed and supplied valves, pipe couplings, and gaskets for piping systems. VICTAULIC distributed these components to suppliers and installers residing in and doing business in Oregon.  VICTAULIC manufactured and sold certain products including, but not limited to, butterfly valves, pipe couplings, flanges, and gaskets, including and/or containing ethylene propylene diene monomer ("EPDM") rubber (the "Victaulic products"), which were installed in the piping systems at the Benson.  Some or all of the Victaulic products installed in the piping systems are designated as "grade E", and recommended for hot water service in a potable water system.

10. The piping system installed throughout the Condominium includes Victaulic products that are prematurely deteriorating and failing, thus causing the Victaulic products to fail to perform as intended.  Among other things, the Victaulic products are cracking, becoming brittle and/or softening, and are disintegrating.  The deterioration of the Victaulic products has resulted in damage to the Victaulic products and in pipe-joint seal failings, which have caused

Page 3 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*724265.12942-009*

property damage to components of the Benson's General Common Elements, other than the Victaulic products themselves, to the potable water itself, and the interiors of the units. As premature deterioration and failure of the Victaulic products continues, further widespread property damage will occur.

11. Remediation of the defective Victaulic products will include, but is not limited to, the replacement of all Victaulic products in the Benson's piping system. Many of these Victaulic products reside in the closed-wall spaces of the Benson.

12. As a direct and/or proximate result of VICTAULIC's acts and omissions, Plaintiff has suffered and will continue to suffer damages as alleged herein. Plaintiff is currently entitled to recover money damages exceeding $2,500,000 for the following:

    (a) the cost of diagnosing problems in the piping system and developing a scope of repair for the piping system and the General Common Elements;

    (b) the cost of repairs;

    (c) the total cost of a third-party construction manager to furnish architectural services; obtain permits; act as the Owners' representative during the repair work; and document the repair work to ensure that the work complies with, among other things, (i) all applicable industry standards, (ii) the applicable building code, (iii) all applicable laws, ordinances, rules and regulations, (iv) all applicable manufacturers' instructions and specifications, and (v) the plans and specifications;

    (d) relocation and move-out expenses and the cost to move and store the Owners' personal belongings during the course of the repair work, and to clean unit interiors when the repair work is complete;

Page 4 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

724265.12942-009

(e) the costs already incurred for repairs, extra cleaning and to mitigate damages;

(f) the total stigma diminution in the value of each unit and the Benson, which represents the lasting stigma which will occur to the Benson regardless of the nature and extent of the repairs;

(g) loss of use and/or lost past and future profits for the units for the estimated repair duration of at least four (4) calendar months; and

(h) prejudgment interest.

The full extent of Plaintiff's damages will be proven at trial.

### ORS 701.565 NOTICE OF DEFECTS

13. In an effort to avoid this litigation, and in the form required under ORS 701.565, Plaintiff sent VICTAULIC written notice identifying the piping defects alleged herein, and making the Benson available to VICTAULIC for inspection under the procedures described in ORS 701.565, *et seq*.

14. In light of the foregoing written notice, Plaintiff's damages are liquidated. Therefore, pursuant to ORS 82.010, Plaintiff is entitled to prejudgment interest on each of its claims herein, running from the date VICTAULIC was provided notice, through entry of judgment.

### FIRST CLAIM FOR STRICT PRODUCTS LIABLITY
(Against VICTAULIC COMPANY)

15. Plaintiff re-pleads and re-alleges and incorporates herein by this reference the paragraphs previously pled herein.

16. The Victaulic products manufactured and sold by VICTAULIC were defective as set forth herein at the time they were purchased and installed at the Benson. The Victaulic

Page 5 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*724265.12942-009*

products were intended to and did reach the Benson without substantial change from the condition in which they were manufactured and sold.

17. The Victaulic products were and are defective as a consequence of design flaws, manufacturing defects, and/or inadequate/deficient warnings. As a consequence of the failure of the Victaulic products, the Victaulic products were and are unreasonably dangerous to the Benson in which they were installed because the Victaulic products are prematurely deteriorating and failing. This premature deterioration causes the Victaulic products to fail to perform as intended, and such failures and deterioration have caused damage and will inevitably lead to water intrusion into the Benson.

18. The Victaulic products were and are dangerous to an extent beyond that which would be contemplated and expected by the ordinary consumer purchasing such Victaulic products with the ordinary knowledge common to the community as to their characteristics.

19. It was foreseeable, expected, and intended that the Victaulic products would be installed in a piping system like the Benson's, and that the Victaulic products would be used for their intended purpose.

20. The defective Victaulic products were the foreseeable and proximate cause of considerable property damage to the Benson, including but not limited to those parts of the General Common Elements that are not Victaulic products and to the individual units. As such, Plaintiff seeks damages for the cost of replacing the Victaulic products with replacement components that will function properly in the Benson's piping system, as well as any consequential and incidental damages arising therefrom, as identified in paragraph 12 above.

///

///

Page 6 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*724265.12942-009*

## SECOND CLAIM FOR NEGLIGENCE
### (Against VICTAULIC COMPANY)

21.     Plaintiff re-pleads and re-alleges and incorporates herein by this reference the paragraphs previously pled herein

22.     VICTAULIC designed, manufactured, marketed and sold the Victaulic products that were installed in the Benson's piping systems.

23.     VICTAULIC owed Plaintiff and its Owners, as foreseeable future plaintiffs, a duty to use reasonable care in designing, manufacturing and selling the Victaulic products. It was foreseeable that the Victaulic products would be installed in the Benson's piping systems; that Plaintiff and their Owners would therefore be injured by the deteriorating and failing Victaulic products and the failure of the Victaulic products to perform as intended; and that property damage to the Benson would be caused thereby.

24.     VICTAULIC was negligent in at least the following respects:

   a. Failing to design, inspect, test, market and/or manufacture the Victaulic products properly;

   b. Failing to warn Plaintiff and its Owners regarding the defective condition of the Victaulic products;

   c. Failing to adequately instruct in the conditions under which the Victaulic products would properly perform;

   d. Failing to take corrective measures to protect the Benson from the risk of harm arising from the defective Victaulic products; and

   e. Failing to repair completely the property damage to the Benson.

Page 7 -   COMPLAINT

724265.12942-009

**LANDYE BENNETT BLUMSTEIN** LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

25. As a direct and proximate result of the negligence of VICTAULIC, Plaintiff has been damaged as alleged above. As a result, Plaintiff seeks the cost of replacing all of the Victaulic products in the Benson as well as any incidental and consequential damages arising therefrom, as set forth and identified in paragraph 12 above.

26. The damages to Plaintiff were reasonably certain to occur and foreseeable as a result of VICTAULIC's negligent acts.

### THIRD CLAIM FOR BREACH OF EXPERESS WARRANTY
### (Against VICTAULIC COMPANY)

27. Plaintiff re-pleads and re-alleges and incorporates herein by this reference the paragraphs previously pled herein.

28. Upon information and belief, VICTAULIC provided the following express warranties for the Victaulic products installed in the Benson's piping system:

   a. That the Victaulic products' characteristics created a permanent, leak-tight triple seal on a variety of piping materials including steel, stainless steel, aluminum, PVC, ductile iron and copper;

   b. That VICTAULIC's grade E EPDM gasket material is UL classified in accordance with ANSI/NSF 61 for cold (+86ºF/+30ºC) and hot (+180ºF/+82ºC) potable water service;

   c. That the grade E gaskets are recommended for hot water service within a specified temperature range of -30ºF/-34ºC to +230ºF/+110ºC;

   d. That the grade E gaskets are compatible with a variety of dilute acids, oil-free air and many chemical services; and

Page 8 -   COMPLAINT

724265.12942-009

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

  e. That the Victaulic products were warranted to be free from defects in material and workmanship under normal conditions of use and service.

29. Upon information and belief, VICTAULIC's descriptions of the qualities and characteristics of the Victaulic products became part of the basis of the bargain for the purchase and use of goods consisting of the Victaulic products at the Benson and the subsequent purchase of units at the Benson in that the plumbing/piping systems themselves were warranted.

30. The Victaulic products are defective, as evidenced by the premature failure and deterioration of the Victaulic products as set forth above.

31. Plaintiff provided VICTAULIC written and/or oral notice of the problems associated with the Victaulic products installed in the piping system and the resulting damage, which problems were covered by the terms of the express warranties and were within the time period applicable to such warranties.

32. The Victaulic products at the Benson have been used in conformity with VICTAULIC's express warranties. VICTAULIC failed and/or refused to properly repair or otherwise to address these problems. VICTAULIC's conduct constitutes a breach of its obligations under its express warranties.

33. The replacement remedy contained in the warranties fail of their essential purpose as VICTAULIC has been unable either to repair the defects in the Victaulic products or to provide Plaintiff with Victaulic products otherwise meeting the piping systems' requisite specifications. Therefore, irrespective of any limitation on damages contained in the warranties, Plaintiff is entitled, as damages, to the amount necessary to replace the Victaulic products with non-defective components, plus any incidental and consequential damages arising therefrom.

Page 9 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*724265.12942-009*

34. As the result of VICTAULIC's breach of warranty due to the defective Victaulic products, and as a result of the impossibility of replacing the Victaulic products at the Benson, Plaintiff is entitled to recover damages as alleged in paragraph 12 above.

35. Plaintiff has performed all obligations and conditions on its part to be performed under the terms of the express warranties, except those which have been waived or excused, or which they have been prevented from performing.

### FOURTH CLAIM FOR VIOLATIONS OF CONSUMER WARRANTY ACT, ORS 72.8010 ET SEQ.
### (Against VICTAULIC COMPANY)

#### (Count One: Breach of Express Warranty)

36. Plaintiff re-pleads and re-alleges and incorporates herein by this reference the paragraphs previously pled herein.

37. Upon information and belief, VICTAULIC manufactured the Victaulic products and sold the Victaulic products as retail consumer goods in Oregon.

38. Upon information and belief, VICTAULIC expressly warranted that the Victaulic products would be free from defects in materials and workmanship under normal conditions of use and service. Upon information and belief, VICTAULIC further warranted that it would repair or replace defective components.

39. The Victaulic products are nonconforming because the Victaulic products have prematurely deteriorated and failed.

40. Plaintiff and the Benson have been damaged by the nonconformity of the Victaulic products as described above in paragraph 10.

///

///

Page 10 - COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

724265.12942-009

41. Plaintiffs provided VICTAULIC written and/or oral notice of the problems associated with the Victaulic products installed in the Benson, which were covered by the terms of the express warranty. Plaintiff has fulfilled all of its obligations under the express warranty.

42. The Victaulic products at the Benson have been used in conformity with VICTAULIC's express warranty. VICTAULIC failed and/or refused to properly repair or otherwise address these problems. VICTAULIC's conduct constitutes a breach of its obligations under the express warranty.

43. The replacement remedy contained in the warranty fails of its essential purpose as VICTAULIC has been unable either to repair the defects in the Victaulic products or to provide Plaintiff with Victaulic products otherwise meeting the piping systems' requisite specifications. Therefore, irrespective of any limitation on damages contained in the warranty, Plaintiff is entitled, as damages, to the amount necessary to replace the Victaulic products with non-defective Victaulic products.

44. As the result of VICTAULIC's breach of warranty due to the defective Victaulic products, Plaintiffs are entitled to recover damages as alleged in paragraph 12 above to replace the Victaulic products.

**(Count Two: Breach of Implied Warranty of Merchantability)**

45. Plaintiff re-pleads and re-alleges and incorporates herein by this reference the paragraphs previously pled herein.

46. Upon information and belief, VICTAULIC manufactured the Victaulic products and sold the Victaulic products as retail consumer goods in Oregon.

47. Upon information and belief, as the manufacturer of retail Victaulic products, VICTAULIC made an implied warranty of merchantability that the Victaulic products:

Page 11 - COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

724265.12942-009

      a. were fit for the ordinary purposes for which the Victaulic products were used;

      b. were adequately contained, packaged and labeled; and/or

      c. conformed to the promises or affirmations of fact made on the container or label.

48. VICTAULIC breached its implied warranty of merchantability because the Victaulic products were nonconforming, as the Victaulic products have prematurely failed and deteriorated, and the Victaulic products were not accompanied with adequate instructions.

49. Plaintiff and the Benson have been damaged by the nonconformity of the Victaulic products as described above in paragraph 10.

50. As the direct and proximate result of VICTAULIC's breach of implied warranty due to the defective Victaulic products, and as a result of the impossibility of replacing the Victaulic products at the Benson, Plaintiff is entitled to recover damages as alleged in paragraph 12 above to replace the Victaulic products.

**(Count Three:  Breach of Implied Warranty of Fitness for Particular Purpose)**

51. Plaintiff re-pleads and re-alleges and incorporates herein by this reference the paragraphs previously pled herein.

52. Upon information and belief, VICTAULIC manufactured the Victaulic products and sold the Victaulic products as retail consumer goods in Oregon.

53. Prior to the sale of the Victaulic products, VICTAULIC had reason to know that the Victaulic products would be used for the particular purpose for which the Victaulic products were purchased, installed and used at the Benson, namely, as parts of the pipes and plumbing for the hot water system for potable water.

Page 12 - COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*724265.12942-009*

54. VICTAULIC had reason to know that its skill or judgment was being relied upon to select goods suitable for the purpose for which the Victaulic products were purchased, installed, and used at the Benson.

55. VICTAULIC's skill or judgment was actually relied upon in the selection of the Victaulic products as appropriate for the installation and use for which they were purchased.

56. The Victaulic products were not suitable for the particular purpose for which they were purchased in one or more of the ways alleged herein.

57. VICTAULIC breached its implied warranty of fitness for a particular purpose because the Victaulic products were nonconforming, as the Victaulic products have prematurely failed and deteriorated.

58. Plaintiff and the Benson have been damaged by the nonconformity of the Victaulic products as described above in paragraph 10.

59. As a result of VICTAULIC's breach of implied warranty due to the defective Victaulic products, and as a result of the impossibility of replacing the Victaulic products at the Benson, Plaintiff is entitled to recover damages as alleged in paragraph 12 above to replace the Victaulic products.

### FIFTH CLAIM FOR VIOLATIONS OF THE UNLAWFUL TRADE PRACTICES ACT
### (Against VICTAULIC COMPANY)

60. Plaintiff re-pleads and re-alleges and incorporates herein by this reference the paragraphs previously pled herein.

61. The Victaulic products are "goods" as defined in ORS 646.605(6), as the Victaulic products are or may be obtained primarily for personal, family, or household purposes.

Page 13 - COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*724265.12942-009*

62.     At all material times, VICTAULIC was engaged in the course of its business, vocation, or occupation to design, manufacture and sell Victaulic products. In the course of its business, VICTAULIC and/or its agents communicated and made representations regarding the approvals, characteristics, ingredients, uses, benefits, grade, qualities, and/or standards of its Victaulic products as detailed in paragraph 28 above.

63.     Concurrent with the delivery of the Victaulic products sold, VICTAULIC and/or its agents expressly represented and/or implied (through affirmative statements or failures to disclose) that the Victaulic products had met the approvals, characteristics, ingredients, uses, benefits, grade, qualities, and/or standards as detailed in paragraph 28 above.

64.     VICTAULIC's representations were false. In fact, the Victaulic products' approvals, characteristics, uses, benefits, qualities, grade, and standards were actually as set forth in paragraph 10 above.  VICTAULIC violated ORS 646.608(1)(e), (g), and (t) because:

   a.  The Victaulic products did not have the approvals, characteristics, ingredients, uses, benefits, grade, qualities, and/or standards as represented by VICTAULIC; and/or,

   b.  VICTAULIC knew, or in the exercise of reasonable care should have known, that the Victaulic products installed in the Condominium contained material defects and VICTAULIC failed to disclose such defects.

65.     Plaintiff reasonably relied, to its detriment, on the Victaulic products to perform as VICTAULIC represented they would perform.

66.     VICTAULIC knew, or in the exercise of reasonable care should have known, that its conduct constituted unlawful trade practices.  Accordingly, its violations were willful.

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224.4133 (facsimile)

724265.12942-009

67. As a direct and proximate result of VICTAULIC's violations, Plaintiff has suffered ascertainable losses of money and property, and are entitled to recover those losses as set forth in paragraph 12 above.

68. Plaintiff is likewise entitled to recover its reasonable attorneys' fees and costs pursuant to ORS 646.638(3).

## SIXTH CLAIM FOR FRAUD
### (Against VICTAULIC COMPANY)

69. Plaintiff re-pleads and re-alleges and incorporates herein by this reference the paragraphs previously pled herein.

70. Concurrent with the delivery of the Victaulic products sold, VICTAULIC and/or its agents expressly represented and/or implied (through affirmative statements or failures to disclose) that the Victaulic products had met the approvals, characteristics, ingredients, uses, benefits, grade, qualities, and/or standards as detailed in paragraph 28 above.

71. VICTAULIC's representations were false. In fact, the Victaulic products' approvals, characteristics, uses, benefits, qualities, grade, and standards were actually as set forth in paragraph 10 above.

72. VICTAULIC's false representations were material to the determination as to whether to use Victaulic products in the Benson.

73. VICTAULIC knew, or in the exercise of reasonable care should have known, that its representations were false and/or VICTAULIC knew it was ignorant of the truth.

74. VICTAULIC intended and expected for consumers such as Plaintiff to rely upon its representations in order to select, install and use Victaulic products in the Benson.

Page 15 -  COMPLAINT

724265.12942-009

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

75. Plaintiff was ignorant of the fact that the representations made by VICTAULIC were false.

76. Plaintiff justifiably relied upon the truth of the representations made by VICTAULIC and/or its agents in selecting, installing, purchasing and using Victaulic products in the Condominium.

77. Plaintiff had a right to rely upon the representations of VICTAULIC and/or its agents as VICTAULIC was in the superior position to know the truth or ignorance of the truth of the statements made regarding the Victaulic products. VICTAULIC had a duty to inform consumers such as Plaintiff of the truth related to the approvals, characteristics, uses, benefits, qualities, grade, and standards of the Victaulic products.

78. As a direct and proximate result of VICTAULIC's acts and/or omissions, Plaintiff has suffered ascertainable losses of money and property, and are entitled to recover those losses as set forth in paragraph 12 above.

### SEVENTH CLAIM FOR NEGLIGENT MISREPRESENTATION
### (Against VICTAULIC COMPANY)

79. Plaintiff re-pleads and re-alleges and incorporates herein by this reference the paragraphs previously pled herein.

80. At all material times, VICTAULIC was engaged in the course of its business, vocation, or occupation to design, manufacture and sell Victaulic products. In the course of its business, VICTAULIC and/or its agents communicated and made representations regarding the approvals, characteristics, ingredients, uses, benefits, grade, qualities, and/or standards of its Victaulic products as detailed in paragraph 28 above.

Page 16 - COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

724265.12942-009

81. Concurrent with the delivery of the Victaulic products sold, VICTAULIC and/or its agents expressly represented and/or implied (through affirmative statements or failures to disclose) that the Victaulic products had met the approvals, characteristics, ingredients, uses, benefits, grade, qualities, and/or standards as detailed in paragraph 28 above.

82. VICTAULIC's representations were false. In fact, the Victaulic products' approvals, characteristics, uses, benefits, qualities, grade, and standards were actually as set forth in paragraph 10 above.

83. VICTAULIC knew, or through the exercise of reasonable care should have known, that is representations regarding the Victaulic products were false.

84. VICTAULIC also failed to exercise reasonable care or competence in obtaining or communicating its representations regarding the Victaulic products.

85. Plaintiffs justifiably relied upon the truth of the representations made by VICTAULIC and/or its agents in selecting, installing and using Victaulic products in the Benson.

86. VICTAULIC was in the superior position to know the truth or ignorance of the truth of the statements made regarding the Victaulic products and VICTAULIC had a duty to inform consumers such as Plaintiff of the truth related to the approvals, characteristics, uses, benefits, qualities, grade, and standards of the Victaulic products.

87. As a direct and proximate result of VICTAULIC's acts and/or omissions, Plaintiff has suffered ascertainable losses of money and property, and is entitled to recover those losses as set forth in paragraph 12 above.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against VICTAULIC as follows:

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

724265.12942-009

1.      On the Plaintiff's First Claim for Strict Product Liability, Second Claim for Negligence, Third Claim for Breach of Express Warranty, Fourth Claim for Violations of the Consumer Warranty Act, Sixth Claim for Fraud, and Seventh Claim for Negligent Misrepresentation, for judgment against VICTAULIC in the amount alleged in paragraph 12 above, with pre- and post-judgment interest thereon at the rate of nine percent (9%) per annum, plus Plaintiff's reasonable costs and disbursements incurred herein;

2.      On the Plaintiff's Fifth Claim for Violations of the Unlawful Trade Practices Act, for judgment against VICTAULIC in the amounts alleged in paragraph 12 above, with pre- and post-judgment interest thereon at the rate of nine percent (9%) per annum, plus the Plaintiff's reasonable costs and disbursements incurred herein and Plaintiff's attorneys' fees as determined pursuant to the applicable law; and

3.      For such further and additional relief as the court deems just and equitable.

## JURY DEMANDED

Plaintiff hereby demands a trial by jury on all issues, excluding equitable claims asserted herein.

Dated this 17th day of June, 2013.

LANDYE BENNETT BLUMSTEIN LLP

By:  s/Michelle K. McClure
Michelle K. McClure, OSB #953520
mmcclure@lbblawyers.com
Stuart K. Cohen, OSB #851738
scohen@lbblawyers.com
LANDYE BENNETT BLUMSTEIN LLP
1300 SW Fifth Avenue, Suite 3500
Portland, OR 97201
Telephone:  (503) 224-4100
Facsimile:  (503) 224-4133
*Of Attorneys for Plaintiff*

Page 18 -  COMPLAINT

**LANDYE BENNETT BLUMSTEIN LLP**
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

*724265.12942-009*